UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID and LINDA KETTER,

Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, INC.,

Defendant.

No. C05-5444 RBL

ORDER GRANTING DEFENDANT'S MOTION FOR ORDER OF DISMISSAL

This matter comes before the Court on Defendant's Motion for Order of Dismissal. [Dkt # 16]. RCW 62A.3-504(a)(iv) provides that "[p]resentment for payment or acceptance of an instrument is excused if the drawer or indorser whose obligation is being enforced has waived presentment . . ." Furthermore, RCW 62A.3-504(b)(ii) states that "[a] waiver of presentment is also a waiver of notice of dishonor." By signing the promissory note, which contained a waiver of the right of presentment, as well as a waiver of the notice of dishonor, the Plaintiffs knowingly and effectively waived their rights to these statutory obligations under RCW 62A.3-504(a)(iv) and (b)(ii). Moreover, the Fair Debt and Collection Act, 15 U.S.C. § 1692, contains no provision requiring the Defendant to present the original note to the Plaintiff before making collection efforts.

Plaintiffs cite *In re Maxwell*, 281 B.R. 101 (Bkrtcy.D.Mass. 2002) in support of their contention that the original note is required before collection. *Maxwell* involved a note holder who was seeking to collect on a note without a showing that it actually owned the note, the actual amount due on the note, or the interest rate on the note. Here, by contrast, there is not a question as to the amount due, the interest rate, or that the note is owned by U.S. Bank, and that the Defendant is the servicer for U.S. Bank. Thus, *Maxwell's* reasoning is inapposite here, and the Defendant had no duty to present the original promissory note prior to collection.

ORDER

1   The Defendant's Motion to Dismiss is hereby GRANTED.

3   DATED this 13th day of December 2005.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER